MICHAEL F. HEAFEY (SBN: 153499)
mheafey@heafey-law.com
The Law Offices of Michael F. Heafey
1325 Howard Street, No. 160
Burlingame, California 94010
Telephone: (650) 346-4161

ROBERT KENT (SBN: 250905)
kent@turnerboyd.com
ZHUANJIA GU (SBN: 244863)
gu@turnerboyd.com
Turner Boyd LLP
702 Marshall Street, Suite 640
Redwood City, California 94063
Telephone: (650) 521-5930

JOSEPH AKROTIRIANAKIS (SBN: 197971)
jakro@kslaw.com
King & Spalding LLP
633 W. Fifth Street, Ste. 1600
Los Angeles, California 90071
Telephone: (213) 443-4355

Attorneys for Plaintiff
ADVANCED SILICON GROUP TECHNOLOGIES, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED SILICON GROUP TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HANWHA Q CELLS & ADVANCED MATERIALS CORPORATION; HANWHA Q CELLS MALAYSIA SDN. BHD; HANWHA SOLUTIONS CORP.; HANWHA Q CELLS (QIDONG) CO., LTD; HANWHA Q CELLS GMBH; | Case No.: 8:21-cv-01034<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><u>DEMAND FOR JURY TRIAL</u> |

1  HANWHA Q CELLS USA CORP;
2  HANWHA Q CELLS AMERICA, INC.;
   HANWHA Q CELLS EPC USA LLC;
3  HANWHA ENERGY USA HOLDINGS
   CORP. (d/b/a 174 POWER GLOBAL
4  CORPORATION); and HQC ROCK RIVER
   SOLAR HOLDINGS LLC,
5
                    Defendants.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1.      Plaintiff Advanced Silicon Group Technologies, LLC ("ASGT" or "Plaintiff"), by and through its counsel, brings this action for patent infringement against Hanwha Q Cells & Advanced Materials Corporation; Hanwha Q Cells Malaysia Sdn. Bhd.; Hanwha Solutions Corp.; Hanwha Q Cells (Qidong) Co., Ltd.; Hanwha Q Cells GmbH, Hanwha Q Cells USA Corp.; Hanwha Q Cells America Inc.; Hanwha Q Cells EPC USA LLC; Hanwha Energy USA Holdings Corp. (d/b/a 174 Power Global Corporation); and HQC Rock River Solar Holdings LLC (collectively, "Hanwha" or "Defendants").

## **NATURE OF THE ACTION**

2.      This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. § 271.

3.      This action is based on Defendants' ongoing infringement of:

- U.S. Patent No. 8,450,599 (the "'599 patent");
- U.S. Patent No. 8,852,981 (the "'981 patent");
- U.S. Patent No. 9,601,640 (the "'640 patent");
- U.S. Patent No. 9,768,331 (the "'331 patent");
- U.S. Patent No. 10,269,995 (the "'995 patent"); and
- U.S. Patent No.10,269,995 (the "'971 patent")

(collectively, the "Asserted Patents").  On information and belief, the Defendants have made, used, sold, offered for sale, or imported into the United States silicon photovoltaic cells or modules containing silicon photovoltaic cells within the scope of one or more claims of each of the Asserted Patents.  (Hereinafter, silicon photovoltaic cells and modules that contain silicon photovoltaic cells and that are within the scope of one or more claims of each of the Asserted Patents are referred to as the "Accused Products.")  On information and belief, the Accused Products include, but are not limited to, Q. Plus G4.3 and Q. Plus L-G4.2 that one or more of the Defendants have made, used, sold, offered for sale, or imported into the United States.

## PARTIES

**Plaintiff**

4.     ASGT is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 600 Suffolk Street, Lowell, Massachusetts.

**Defendants**

5.     On information and belief, Hanwha Q Cells & Advanced Materials Corporation is a corporation existing under the laws of the Republic of Korea with its principal place of business at 86 Cheonggyecheon-ro, Jung-gu, Seoul, Republic of Korea.  Hanwha Q Cells & Advanced Materials Corporation is a part of a group of related companies that, on information and belief, develop, manufacture, sell, offer to sell, and import into the United States silicon photovoltaic cells and modules (the "Hanwha Related Company Group").

6.     On information and belief, Hanwha Q Cells Malaysia Sdn. Bhd. is a part of the Hanwha Related Company Group and is a corporation existing under the laws of the Republic of Malaysia with a principal place of business at Lot 1, Jalan CV 2, Selangor Cyber Valley, 63300 Cyberjaya, Selangor, Malaysia.  Hanwha Q Cells Malaysia Sdn. Bhd. manufactures silicon photovoltaic cells and modules.

7.     On information and belief, Hanwha Solutions Corp. is a part of the Hanwha Related Company Group and is a corporation existing under the laws of the Republic of Korea with a principal place of business at 202, Sansusandan 2-ro, Iwol-myeon, Jincheonng-gun, ChungCheongbuk-do, Republic of Korea.

8.     On information and belief, Hanwha Q Cells (Qidong) Co., Ltd is a part of the Hanwha Related Company Group and is a corporation existing under the laws of the Peoples' Republic of China with a principal place of business at 888 Linyang Road, Qidong Jiangsu 226200, Peoples' Republic of China.

9.     On information and belief, Hanwha Q Cells GmbH is a part of the Hanwha Related Company Group and is a corporation existing under the laws of the

2

Federal Republic of Germany with a principal place of business at Sonnenallee 17 –
21 06766, Bitterfeld-Wolfen, Federal Republic of Germany.

10.    On information and belief, Hanwha Q Cells USA Corp. is a part of the
Hanwha Related Company Group. and is a corporation existing under the laws of
the State of Nevada with a principal place of business at 300 Spectrum Center
Drive, Suite 1250, Irvine, California.  Hanwha Q Cells USA Corp. is registered with
the Secretary of State of California to conduct business in California.

11.    On information and belief, Hanwha Q Cells America, Inc. is a part of
the Hanwha Related Company Group. and is a corporation existing under the laws
of the State of California with a principal place of business at 400 Spectrum Center
Drive, Suite 1400, Irvine, California.

12.    On information and belief, Hanwha Q Cells EPC USA LLC is a part of
the Hanwha Related Company Group. and is a limited liability company existing
under the laws of the State of Delaware with a principal place of business at 400
Spectrum Center Drive, Suite 1400 Irvine, California.  Hanwha Q Cells EPC USA
LLC is registered with the Secretary of State of California to conduct business in
California.

13.    On information and belief, Hanwha Energy USA Holdings Corp. (d/b/a
174 Power Global Corporation) is a part of the Hanwha Related Company Group.
Hanwha Energy USA Holdings Corp. (d/b/a 174 Power Global Corporation) is a
corporation existing under the laws of the State of Delaware with a principal place
of business at 300 Spectrum Center Drive, Irvine, California.  Hanwha Energy USA
Holdings Corp. (d/b/a 174 Power Global Corporation) is registered with the
Secretary of State of California to conduct business in California.

14.    On information and belief, HQC Rock River Solar Holdings LLC is a
subsidiary of Hanwha Q Cells & Advanced Materials Corporation.  HQC Rock
River Solar Holdings LLC is a limited liability company existing under the laws of
the State of Delaware with a place of business at 300 Spectrum Center Drive, Suite

1250, Irvine, California.  HQC Rock River Solar Holdings LLC is registered with the Secretary of State of California to conduct business in California.

## NOTICE OF RELEVANT CASES

15.     Although not rising to the definition of "related case" under Civil L.R. 83-1.3, ASGT gives notice of the following civil and administrative actions that may be relevant to this Complaint:

    a.    simultaneous with filing this Complaint, ASGT is filing in the Northern District of California a complaint for patent infringement of the Asserted Patents by Canadian Solar, Inc. and related companies;

    b.    simultaneous with filing this Complaint, ASGT is filing a complaint in the Northern District of California for patent infringement of the Asserted Patents by Boviet Solar Technology Co., Ltd. and related companies; and

    c.    simultaneous with filing this Complaint, ASGT is filing a petition in the United States International Trade Commission under section 337 of the Tariff Act of 1930 for an investigation of unfair trade practices where the petition names Defendants.

16.     ASGT will file a Notice of Pendency of Other Actions or Proceedings in compliance with Civil L.R. 83-1.4.1.

## COMPLIANCE WITH CIVIL LOCAL RULE 7.1-1

17.     In compliance with Civil Local Rule 7.1-1, ASGT discloses that TRGP Operating Company, LP, a Delaware limited liability partnership, may be considered to have a pecuniary interest in the results of this action.

18.     ASGT will file a Notice of Interested Parties according to Civil L.R. 7.1-1.

## SUBJECT MATTER JURISDICTION

19.     This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  The Court has subject

4

matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331, 1332, 1338(a), and/or 1367.

## **PERSONAL JURISDICTION**

20.    The Court has personal jurisdiction over each of the Defendants because, on information and belief, the Defendants direct their infringing activities to the United States and to California.  Infringing sales have occurred in the United States and in California.  Defendants have purposefully availed themselves of the privileges and benefits of doing business in the United States, in California, and in this Judicial District in connection with their infringing activities.

**Hanwha Q Cells & Advanced Materials Corporation**

21.    The Court at least has specific *in personam* jurisdiction over Hanwha Q Cells & Advanced Materials Corporation because, on information and belief, Hanwha Q Cells & Advanced Materials Corporation has deliberately imported into the United States, sold in and offered to sell the Accused Products in California. Hanwha Q Cells & Advanced Materials Corporation owns and controls a large network of companies around the world that design, manufacture, sell, offer to sell, and import into the United States silicon photovoltaic cells and modules including the Accused Products.

22.    On information and belief, Hanwha Q Cells & Advanced Materials Corporation has imported Accused Products through the Ports of Los Angeles and Long Beach both in California and in this Judicial District.

**Hanwha Q Cells Malaysia Sdn. Bhd.**

23.    The Court at least has specific *in personam* jurisdiction over Hanwha Q Cells Malaysia Sdn. Bhd. because, on information and belief, it has deliberately imported into the United States and has sold and offered to sell the Accused Products in California.

24. On information and belief, Hanwha Q Cells Malaysia Sdn. Bhd. has imported Accused Products through the Ports of Los Angeles and Long Beach both in California and in this Judicial District.

**Hanwha Solutions Corp.**

25. The Court at least has specific *in personam* jurisdiction over Hanwha Solutions Corp. because, on information and belief, it has deliberately imported into the United States and has sold and offered to sell the Accused Products in California.

26. On information and belief, Hanwha Solutions Corp. has imported Accused Products through the Ports of Los Angeles and Long Beach both in California and in this Judicial District.

**Hanwha Q Cells (Qidong) Co., Ltd.**

27. The Court at least has specific *in personam* jurisdiction over Hanwha Q Cells (Qidong) Co., Ltd. because, on information and belief, Hanwha Q Cells (Qidong) Co., Ltd. has imported Accused Products through the Port of Los Angeles in California and in this Judicial District.

**Hanwha Q Cells GmbH**

28. The Court at least has specific *in personam* jurisdiction over Hanwha Q Cells GmbH because on information and belief, Hanwha Q Cells GmbH has imported Accused Products through the Port of Los Angeles in California and in this Judicial District.

**Hanwha Q Cells USA Corp.**

29. The Court has general personal jurisdiction over Hanwha Q Cells USA Corp. because, on information and belief, it maintains its principal place of business at 300 Spectrum Center Drive, Suite 1250, Irvine, California.

30. Hanwha Q Cells USA Corp. also has imported the Accused Products into the United States through the Ports of Los Angeles and Long Beach both in California and in this Judicial District.

**Hanwha Q Cells America, Inc.**

31.    The Court has general personal jurisdiction over Hanwha Q Cells America, Inc. because, on information and belief, it maintains its principal place of business at 300 Spectrum Center Drive, Suite 1250, Irvine, California.

32.    Hanwha Q Cells America, Inc. also has imported the Accused Products into the United States through the Ports of Los Angeles and Long Beach both in California and in this Judicial District.

**Hanwha Q Cells EPC USA LLC**

33.    The Court has general personal jurisdiction over Hanwha Q Cells EPC USA LLC because, on information and belief, it maintains its principal place of business at 300 Spectrum Center Drive, Suite 1250, Irvine, California.

34.    Hanwha Q Cells EPC USA LLC also has imported the Accused Products into the United States through the Port of Long Beach in California and in this Judicial District.

**Hanwha Energy USA Holdings Corp. (d/b/a 174 Power Global Corporation**

35.    The Court at least has general personal jurisdiction over Hanwha Energy USA Holdings Corp. (d/b/a 174 Power Global Corporation) because, on information and belief, it maintains its principal place of business at 300 Spectrum Center Drive, Suite 1250, Irvine, California.

**HQC Rock River Solar Holdings LLC**

36.    The Court has general personal jurisdiction over HQC Rock River Solar Holdings LLC because, on information and belief, HQC Rock River Solar Holdings LLC maintains its principal place of business at 300 Spectrum Center Drive, Suite 1250, Irvine, California.

## VENUE

37.    As for defendants Hanwha Q Cells & Advanced Materials Corporation, Hanwha Q Cells Malaysia Sdn. Bhd., Hanwha Solutions Corp., Hanwha Q Cells (Qidong) Co., Ltd., Hanwha Q Cells GmbH venue is proper in this Judicial District

7

because under 28 U.S.C. § 1391(b)(3) and (c)(3) and 1400(b) all of these defendants as foreign defendants may be sued in any judicial district.

38.     As for Hanwha Q Cells America Inc., venue is proper in this Judicial District because Hanwha Q Cells America Inc. is a corporation established and existing under the laws of California and so is resident in California.  In addition, Hanwha Q Cells America Inc. has committed acts of infringement and maintains a physical place of business in this Judicial District.

39.     As for defendants Hanwha Q Cells USA Corp., Hanwha Energy USA Holdings Corp. (d/b/a 174 Power Global Corporation), HQC Rock River Solar Holdings LLC venue is proper in this Judicial District because each of these defendants has committed acts of infringement and maintains physical places of business in this Judicial District.

## GENERAL ALLEGATIONS

**U.S. Patent No. 8,450,599**

40.     The '599 Patent issued May 28, 2013 and is entitled "Nanostructured Devices" and issued from U.S. Patent Application No. 12/619,092.  The '599 Patent claims priority to provisional application No. 61/114,896, filed on Nov. 14, 2008; provisional application No. 61/157.386, filed on Mar. 4, 2009; and provisional application No. 61/250,418, filed on Oct. 9, 2009.  The '599 Patent identifies Brent A. Buchine, Marcie R. Black, and Faris Modawar as the inventors.

41.     ASGT is the sole owner by assignment of all right, title, and interest in the '599 Patent. The '599 Patent is valid, enforceable, and is currently in full force and effect.

42.     The '599 Patent relates to an improved version of a photovoltaic cell, also known as a "solar cell." '599 Patent, 2:53-55.  A photovoltaic cell is made of a special type of silicon that absorbs light, typically sunlight, to produce electricity. The photovoltaic cells of the '599 Patent have extremely small protruding features called "nanostructures" on the surface of the silicon that enhance the absorption of

8

light by the silicon, thereby increasing the amount of electricity that is produced. *Id.*, 1:52-54. One type of nanostructure is a "nanowire," so named because the protruding feature has at least two dimensions in the nanometer scale.

43.    The '599 Patent discloses a nanostructured photovoltaic device that can be manufactured at a lower cost while still exhibiting high efficiency compared to prior photovoltaic cells. In one exemplary embodiment, the photovoltaic device includes a crystalline semiconductor substrate with a bottom p-doped region and a top n-doped region adjacent to and in contact with the p-doped region. N-doped nanowires are in contact with the top n-doped region of the crystalline semiconductor substrate. Furthermore, the n-doped and the p-doped regions form a p-n junction within the bulk of the crystalline semiconductor substrate, such that the p-n junction is located at least about 30 nm from the bottom of the nanowires.

**U.S. Patent No. US 8,852,981**

44.    The '981 Patent issued October 7, 2014 and is entitled "Electrical Contacts to Nanostructured Areas," and it issued from U.S. Patent Application No. 13/622,864, filed September 19, 2012. The '981 Patent claims priority to provisional application No. 61/536,243, filed on Sep. 19, 2011, and identifies Marcie R. Black, Joanne Forziati, Michael Jura, Jeff Miller, Brian Murphy, and Adam Standley as the inventors.

45.    ASGT is the sole owner by assignment of all right, title, and interest in the '981 Patent. The '981 Patent is valid, enforceable, and is currently in full force and effect.

46.    The '981 Patent discloses an improved process for forming electrical contacts on  nanostructured silicon surfaces. In an embodiment of the invention, the process begins with a conductive substrate (*e.g.*, doped silicon) having a nanostructured surface that may be coated with an electrically insulating material. The nanostructures are removed (either completely or partially) from a portion of

the surface of the substrate, and an electrically conductive contact is deposited in the area where the nanostructures were removed.

**U.S. Patent No. 9,601,640**

47.      US Patent No. 9,911,640 issued March 21, 2017 and is entitled "Electrical Contacts to Nanostructured Areas," was filed on August 25, 2014 as U.S. Patent Application No. 14/468,219 and issued on March 21, 2017.  The '640 Patent claims the benefit of priority to U.S. Provisional Application No. 61/536,243, filed on September 19, 2011.  The '640 Patent is subject to 249 days of patent term adjustment with no terminal disclaimers.   The '640 Patent identifies Marcie R. Black, Joanne Forziati, Michael Jura, Jeffrey Miller, Brian Murphy, and Adam Standley as the inventors.

48.      ASGT is the sole owner by assignment of all right, title, and interest in the '640 Patent.  The '640 Patent is valid, enforceable, and is currently in full force and effect.

49.      The '640 Patent provides an improved process for forming electrical contacts on nanostructured silicon surfaces. In an embodiment of the invention, the process begins with a conductive substrate (*e.g.*, doped silicon) having a nanostructured surface that may be coated with an electrically insulating material. The nanostructures are removed (either completely or partially) from a portion of the surface of the substrate, and an electrically conductive contact is deposited in the area where the nanostructures were removed.  '640 Patent, 2:43-57.

50.      Silicon surfaces with nanostructure features are used in a variety of applications including photovoltaic cells, and require electrical contacts to an external circuit. '640 Patent, 1:13-15.  One contact must be connected to the surface with the nanostructures, on one side of a p-n junction, and another contact connected to the substrate below the nanostructures, on the other side of the p-n junction, so that the cell can deliver electricity to a home, a business, or an electrical grid.  *Id.*, at

1:46-52.  The '640 Patent provides an improved process for contacting nanostructures on a surface of an optoelectronic device.  *Id.*, 2: 38-39.

**U.S. Patent No. 9,768,331**

51.    The '331 Patent issued September 9, 2017 and is entitled "Screen Printing Electrical Contact to Nanowire Areas," and it issued from U.S. Patent Application No. 14/338,752, filed on Jul. 23, 2014.  The '331 Patent is a continuation of application No. PCT/US2013/025958, filed on Feb. 13, 2013, and claims priority to provisional application No. 61/598,717 filed on Feb. 14, 2012. The '331 Patent identifies Michael Jura, Marcie R. Black, Jeffrey B. Miller, Joanne Yim, Joanne Forziati, Brian P. Murphy, and Richard Chleboski as the inventors.

52.    ASGT is the sole owner by assignment of all right, title, and interest in the '331 Patent. The '331 Patent is valid, enforceable, and is currently in full force and effect.

53.    The '331 Patent discloses to a nanostructured silicon device with screen printed electrical contacts.  The '331 Patent discloses that relatively short nanowires provide desirable anti-reflection and scattering properties, while being compatible with a screen printing process.  *Id.*, 3:57-63.  The '331 Patent describes a device which has a nanostructured area that is in contact with the surface of the substrate. *Id.*, 8:21-29.  The nanostructured area has a passivating layer and one or more contacts comprising a comb-like pattern of metal that directly contacts the nanostructured area.  *Id.*  A p-n junction is located below the nanostructured area. *Id.*

**U.S. Patent No. 10,269,995**

54.    The '995 Patent issued April 23, 2019 and is entitled "Screen Printing Electrical Contact to Nanowire Areas," and it issued from U.S. Patent Application No. 15/622,422, filed on Jun. 14, 2017.  The '995 Patent is a continuation of application No. 14/338,752, filed on July 23, 2014 and issued as the '331 Patent, which is a continuation of application No. PCT/US2013/025958, filed on Feb. 13,

2013.  The '995 Patent claims priority to provisional application No. 61/598,717 filed on Feb. 14, 2012. The '995 Patent identifies Michael Jura, Marcie R. Black, Jeffrey B. Miller, Joanne Yim, Joanne Forziati, Brian P. Murphy, and Richard Chleboski as the inventors.

55.     ASGT is the sole owner by assignment of all right, title, and interest in the '995 Patent. The '995 Patent is valid, enforceable, and is currently in full force and effect.

56.     When a silicon substrate with a nanostructured surface is used in a photovoltaic cell,  electrical contacts to an external circuit are required to collect the electricity generated by the nanostructured silicon. '995 Patent, 1:63-66.  The '995 Patent provides an improved device with robust electrical contacts to a nanostructured silicon substrate. *Id.*, 8:9-21.

57.     For example, the '995 Patent discloses a silicon device with nanostructures disposed on the surface of the substrate.  The nanostructures are coated with a passivating layer that  comprises either aluminum oxide, silicon dioxide, or silicon nitride.  A p-n junction is located below the nanostructures.  A first contact comprising a comb-like pattern of metal is in contact with the nanostructures, and a second contact in electrical contact with the substrate. *Id.*, 8:9-20. The comb-like pattern may be formed by screen printing. *Id.*, 2:52-57.

**U.S. Patent No. 10,692,971**

58.     The '971 Patent issued June 23, 2020 and is entitled "Process for Fabricating Silicon Nanostructures," and it issued from U.S. Patent Application No. 16/054,457, filed on Aug. 03, 2018.  The '971 Patent is a continuation of application No. 15/826,005, fled on No. 29, 2017 and now abandoned, which is a division of application No. 14/924,273, filed on Oct. 27, 2015 and issued as U.S. Patent No. 9,859,366, which is a continuation of application No. 14/444,361, filed on July 28, 2014 and issued as U.S. Patent No. 9,202,868, which is a continuation of application No. 13/305,649, filed on Nov. 28, 2011 and issues as U.S. Patent No. 8,791,449,

which is a continuation of application No. 12/423,623, filed on April 14, 2009 and issued as U.S. Patent No. 8,143,143.  The '971 Patent claims priority to provisional application No. 61/114,082, filed on Dec. 29, 2008 and provisional application No. 61/044,573, filed on Apr. 14, 2008.  The '971 Patent identifies Brent A. Buchine, Marcie R. Black, and Faris Modawar as the inventors.

59.  ASGT is the sole owner by assignment of all right, title, and interest in the '971 Patent.  The '971 Patent is valid, enforceable, and is currently in full force and effect.

The '971 Patent discloses to a chemical process for forming nanostructures on the surface of a polycrystalline silicon (*i.e.*, polysilicon) substrate. *Id.*, 2:48-51. The process is advantageous at least because "[p]olysilicon is a cheaper material than crystalline silicon." *Id.*, 6:31-32.  The  process of the '971 Patent "can be used to texture the surface of and/or form nanowires in polysilicon."   *Id.*, 6:29-31.

**Hanwha Q Cells' Project in Beacon, San Bernardino County, California**

60.  On information and belief, one or more of the Defendants, working collectively or individually, established and maintain the website - https://www.q-cells.us/na/main.html.  The website does not identify any one of the Defendants specifically as responsible for the website, but generally attributes the website to "Hanwha Q Cells."  On this website, Hanwha Q Cells brags regarding a solar power facility it built in Beacon, San Bernardino County, California – in this Judicial District.  The website identifies the solar photovoltaic modules the Defendants sold, installed, imported, or any one or more of these as Hanwha Q Cells' "Q. Plus L – G4.2."



This image of Hanwha Q Cells' project in Beacon, San Bernardino County, California was captured from the website https://www.q-cells.us/na/main/solarproject/utility~utility~.html on March 25, 2021.

61.     On information and belief, Defendants' "Q. Plus L-G4.2" solar photovoltaic module is within the scope of at least one claim of each of the Asserted Patents.  In addition, on information and belief, defendant Hanwha Q Cells America, Inc. imported the infringing Q. Plus L-G4.2 modules through the Ports of Los Angeles and Long Beach – both in this Judicial District.  And on information and belief, defendant Hanwha Q Cells EPC USA LLC. imported the infringing Q. Plus L-G4.2 modules through the Ports of Los Angeles and Long Beach – both in this Judicial District.

## LEGAL CLAIM I
### (Infringement Of U.S. Patent No. 8,450,599)

62.     ASGT incorporates by reference the allegations of paragraphs 1-61 above, inclusive, as if fully set forth here.

63.     Defendants have infringed and continue to infringe one or more claims of the '599 Patent, including, but not limited to, claim 15 at least by importing the Accused Products into the United States, selling the Accused Products in the United States, and offering the Accused Products for sale in the United States without

ASGT's license or other permission.  A claim chart that illustrates Defendants' infringement of claim 15 is attached as **Exhibit A** that is incorporated herein by reference as if fully set forth herein.

64.    Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '599 Patent, including, but not limited to, claim 15 at least by inducing the infringement by others in the United States, including, but not limited to, Defendants' customers and Defendants' related companies who purchase and/or use the Accused Products in the United States without ASGT's license or other permission.

65.    Defendants' infringement includes, but is not limited to, making, selling, offering to sell, and/or importing into the United States their Q. Plus G4.3 and Q. Plus L-G4.2 modules.

66.    On information and belief, since at least September 2015, Defendants' infringement of the '599 Patent has been willful in view of Defendants' actual knowledge of the ASGT's patent portfolio entitling ASGT to enhanced damages pursuant to 35 U.S.C. § 284.

67.    ASGT has been damaged by Defendants' infringement in an amount to be determined through discovery.  ASGT is entitled, at a minimum, to a reasonable royalty on Defendants' infringing sales and other acts, together with prejudgment and post-judgment interest.

68.    The harm suffered by ASGT is irreparable, and ASGT has no adequate remedy at law, warranting injunctive relief.

69.    This is an exceptional case such that ASGT is entitled to recover its reasonable attorney fees pursuant to 35 U.S.C. § 285.

## LEGAL CLAIM II
### (Infringement Of U.S. Patent No. 8,852,981)

70.    ASGT incorporates by reference the allegations of paragraphs 1-61 above, inclusive, as if fully set forth here.

71.    Defendants have infringed and continue to infringe one or more claims of the '981 Patent, including, but not limited to, claim 1 at least by importing the Accused Products into the United States, selling the Accused Products in the United States, and offering the Accused Products for sale in the United States without ASGT's license or other permission.  A claim chart that illustrates Defendants' infringement of claim 1 is attached as **Exhibit B** that is incorporated herein by reference as if fully set forth herein.

72.    Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '981 Patent, including, but not limited to, claim 1 at least by inducing the infringement by others in the United States, including, but not limited to, Defendants' customers and Defendants' related companies who purchase and/or use the Accused Products in the United States without ASGT's license or other permission.

73.    Defendants' infringement includes, but is not limited to, making, selling, offering to sell, and/or importing into the United States their Q. Plus G4.3 and Q. Plus L-G4.2 modules.

74.    On information and belief, since at least September 2015, Defendants' infringement of the '981 Patent has been willful in view of Defendants' actual knowledge of the ASGT's patent portfolio entitling ASGT to enhanced damages pursuant to 35 U.S.C. § 284.

75.    ASGT has been damaged by Hanwha's infringement in an amount to be determined through discovery.  ASGT is entitled, at a minimum, to a reasonable royalty on Defendants' infringing sales and other acts, together with prejudgment and post-judgment interest.

76.    The harm suffered by ASGT is irreparable, and ASGT has no adequate remedy at law, warranting injunctive relief.

77.    This is an exceptional case such that ASGT is entitled to recover its reasonable attorney fees pursuant to 35 U.S.C. § 285.

## LEGAL CLAIM III
## (Infringement Of U.S. Patent No. 9,601,640)

78.     ASGT incorporates by reference the allegations of paragraphs 1-61 above, inclusive, as if fully set forth here.

79.     Defendants have infringed and continue to infringe one or more claims of the '640 Patent, including, but not limited to, claim 1 at least by importing the Accused Products into the United States, selling the Accused Products in the United States, and offering the Accused Products for sale in the United States without ASGT's license or other permission.  A claim chart that illustrates Defendants' infringement of claim 1 is attached as **Exhibit C** that is incorporated herein by reference as if fully set forth herein.

80.     Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '640 Patent, including, but not limited to, claim 1 at least by inducing the infringement by others in the United States, including, but not limited to, Defendants' customers and Defendants' related companies who purchase and/or use the Accused Products in the United States without ASGT's license or other permission.

81.     Defendants' infringement includes, but is not limited to, making, selling, offering to sell, and/or importing into the United States their Q. Plus G4.3 and Q. Plus L-G4.2 modules.

82.     On information and belief, since at least the '640 Patent issued, Defendants' infringement of the '640 Patent has been willful in view of Defendants' actual knowledge of the ASGT's patent portfolio entitling ASGT to enhanced damages pursuant to 35 U.S.C. § 284.

83.     ASGT has been damaged by Hanwha's infringement in an amount to be determined through discovery.  ASGT is entitled, at a minimum, to a reasonable royalty on Defendants' infringing sales and other acts, together with prejudgment and post-judgment interest.

84. The harm suffered by ASGT is irreparable, and ASGT has no adequate remedy at law, warranting injunctive relief.

85. This is an exceptional case such that ASGT is entitled to recover its reasonable attorney fees pursuant to 35 U.S.C. § 285.

## LEGAL CLAIM IV
### (Infringement Of U.S. Patent No. 9,768,331)

86. ASGT incorporates by reference the allegations of paragraphs 1-61 above, inclusive, as if fully set forth here.

87. Defendants have infringed and continue to infringe one or more claims of the '331 Patent, including, but not limited to, claim 1 at least by importing the Accused Products into the United States, selling the Accused Products in the United States, and offering the Accused Products for sale in the United States without ASGT's license or other permission. A claim chart that illustrates Defendants' infringement of claim 1 is attached as **Exhibit D** that is incorporated herein by reference as if fully set forth herein.

88. Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '331 Patent, including, but not limited to, claim 1 at least by inducing the infringement by others in the United States, including, but not limited to, Defendants' customers and Defendants' related companies who purchase and/or use the Accused Products in the United States without ASGT's license or other permission.

89. Defendants' infringement includes, but is not limited to, making, selling, offering to sell, and/or importing into the United States their Q. Plus G4.3 and Q. Plus L-G4.2 modules.

90. On information and belief, since at least the '331 Patent issued, Defendants' infringement of the '331 Patent has been willful in view of Defendants' actual knowledge of the ASGT's patent portfolio entitling ASGT to enhanced damages pursuant to 35 U.S.C. § 284.

91.     ASGT has been damaged by Hanwha's infringement in an amount to be determined through discovery.  ASGT is entitled, at a minimum, to a reasonable royalty on Defendants' infringing sales and other acts, together with prejudgment and post-judgment interest.

92.     The harm suffered by ASGT is irreparable, and ASGT has no adequate remedy at law, warranting injunctive relief.

93.     This is an exceptional case such that ASGT is entitled to recover its reasonable attorney fees pursuant to 35 U.S.C. § 285.

## LEGAL CLAIM V
### (Infringement Of U.S. Patent No. 10,269,995)

94.     ASGT incorporates by reference the allegations of paragraphs 1-61 above, inclusive, as if fully set forth here.

95.     Defendants have infringed and continue to infringe one or more claims of the '995 Patent, including, but not limited to, claim 1 at least by importing the Accused Products into the United States, selling the Accused Products in the United States, and offering the Accused Products for sale in the United States without ASGT's license or other permission.  A claim chart that illustrates Defendants' infringement of claim 1 is attached as **Exhibit E** that is incorporated herein by reference as if fully set forth herein.

96.     Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '995 Patent, including, but not limited to, claim 1 at least by inducing the infringement by others in the United States, including, but not limited to, Defendants' customers and Defendants' related companies who purchase and/or use the Accused Products in the United States without ASGT's license or other permission.

97.     Defendants' infringement includes, but is not limited to, making, selling, offering to sell, and/or importing into the United States their Q. Plus G4.3 and Q. Plus L-G4.2 modules.

98.    On information and belief, since at least the '995 Patent issued, Defendants' infringement of the '995 Patent has been willful in view of Defendants' actual knowledge of the ASGT's patent portfolio entitling ASGT to enhanced damages pursuant to 35 U.S.C. § 284.

99.    ASGT has been damaged by Hanwha's infringement in an amount to be determined through discovery.  ASGT is entitled, at a minimum, to a reasonable royalty on Defendants' infringing sales and other acts, together with prejudgment and post-judgment interest.

100.    The harm suffered by ASGT is irreparable, and ASGT has no adequate remedy at law, warranting injunctive relief.

101.    This is an exceptional case such that ASGT is entitled to recover its reasonable attorney fees pursuant to 35 U.S.C. § 285.

## LEGAL CLAIM VI
### (Infringement Of U.S. Patent No. 10,692,971)

102.    ASGT incorporates by reference the allegations of paragraphs 1-61 above, inclusive, as if fully set forth here.

103.    Defendants have infringed and continue to infringe one or more claims of the '971 Patent, including, but not limited to, claim 1 at least by importing the Accused Products into the United States, selling the Accused Products in the United States, and offering the Accused Products for sale in the United States without ASGT's license or other permission.    A claim chart that illustrates Defendants' infringement of claim 1 is attached as **Exhibit F** that is incorporated herein by reference as if fully set forth herein.

104.    Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '971 Patent, including, but not limited to, claim 1 at least by inducing the infringement by others in the United States, including, but not limited to, Defendants' customers and Defendants' related companies who purchase

and/or use the Accused Products in the United States without ASGT's license or other permission.

105. Defendants' infringement includes, but is not limited to, making, selling, offering to sell, and/or importing into the United States their Q. Plus G4.3 and Q. Plus L-G4.2 modules.

106. On information and belief, since at least the '971 Patent issued, Defendants' infringement of the '971 Patent has been willful in view of Defendants' actual knowledge of the ASGT's patent portfolio entitling ASGT to enhanced damages pursuant to 35 U.S.C. § 284.

107. ASGT has been damaged by Hanwha's infringement in an amount to be determined through discovery. ASGT is entitled, at a minimum, to a reasonable royalty on Defendants' infringing sales and other acts, together with prejudgment and post-judgment interest.

108. The harm suffered by ASGT is irreparable, and ASGT has no adequate remedy at law, warranting injunctive relief.

109. This is an exceptional case such that ASGT is entitled to recover its reasonable attorney fees pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

**WHEREFORE**, ASGT respectfully prays for the following against Defendants:

1.   entry of judgment in favor of ASGT and against Defendants for direct and indirect infringement of one or more claims of the '599 Patent;

2.   entry of judgment in favor of ASGT and against Defendants for direct and indirect infringement of one or more claims of the '981Patent;

3.   entry of judgment in favor of ASGT and against Defendants for direct and indirect infringement of one or more claims of the '640Patent;

4.   entry of judgment in favor of ASGT and against Defendants for direct and indirect infringement of one or more claims of the '331 Patent;

21

5.    entry of judgment in favor of ASGT and against Defendants for direct and indirect infringement of one or more claims of the '995 Patent;

6.    entry of judgment in favor of ASGT and against Defendants for direct and indirect infringement of one or more claims of the '971 Patent;

7.    compensatory damages in an amount to be proven at trial for Defendants' past infringement and any future infringement up to the date that Defendants are finally and permanently enjoined from further infringement;

8.    enhanced damages pursuant to 35 U.S.C. § 284;

9.    prejudgment and post-judgment interest at the maximum rate permitted by law;

10.    attorney fees pursuant to 35 U.S.C. § 285;

11.    ASGT's costs of suit;

12.    an order enjoining Defendants, their direct or indirect parents, subsidiaries, affiliates, divisions, successors, and assigns, their respective directors, officers, employees, and agents, and those acting in privity or concert with any of them, from further acts of direct or indirect infringement of the Asserted Patents; and

13.    such other relief as the Court may deem just and proper.


DATED:  June 11, 2021          By: _/s/ Michael F. Heafey_
                                           MICHAEL F. HEAFEY (SBN:  153499)
                                           mheafey@heafey-law.com
                                           The Law Offices of Michael F. Heafey
                                           1325 Howard Street, No. 160
                                           Burlingame, California  94010
                                           Telephone: (650) 346-4161

                                           ROBERT KENT (SBN:  250905)
                                           kent@turnerboyd.com
                                           ZHUANJIA GU (SBN:  244863)

22

1   gu@turnerboyd.com
2   Turner Boyd LLP
    702 Marshall Street, Suite 640
3   Redwood City, California 94063
4   Telephone: (650) 521-5930

5   JOSEPH AKROTIRIANAKIS (SBN: 197971)
    jakro@kslaw.com
6   King & Spalding LLP
7   633 W. Fifth Street, Ste. 1600
    Los Angeles, California 90071
8   Telephone: (213) 443-4355

9
10  *Attorneys for Plaintiff*
    Advanced Silicon Group Technologies LLC
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR PATENT INFRINGEMENT
(8:21-CV-01034)

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff ASGT hereby demands a trial by jury of all issues so triable.

3

4     DATED:  June 11, 2021          By:  */s/ Michael F. Heafey*

5                                          MICHAEL F. HEAFEY (SBN:  153499)
                                           mheafey@heafey-law.com
6                                          The Law Offices of Michael F. Heafey
                                           1325 Howard Street, No. 160
7                                          Burlingame, California  94010
                                           Telephone: (650) 346-4161
8

9

10                                         ROBERT KENT (SBN:  250905)
                                           kent@turnerboyd.com
11                                         ZHUANJIA GU (SBN:  244863)
                                           gu@turnerboyd.com
12                                         Turner Boyd LLP
                                           702 Marshall Street, Suite 640
13                                         Redwood City, California 94063
                                           Telephone: (650) 521-5930
14

15

16                                         JOSEPH AKROTIRIANAKIS (SBN: 197971)
                                           jakro@kslaw.com
17                                         King & Spalding LLP
                                           633 W. Fifth Street, Ste. 1600
18                                         Los Angeles, California 90071
                                           Telephone: (213) 443-4355
19

20

21                                         *Attorneys for Plaintiff*
                                           Advanced Silicon Group Technologies LLC

22

23

24

25

26

27

28

24